**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-94-SLP |
| ) | |
| CHRISHUN DEWAYNE SILAS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 41]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 44] and opposes the requested relief. And Defendant has filed a Reply [Doc. No. 46]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 42]. Also before the Court is Defendant's Motion to Compel Immediate Ruling [Doc. No. 47]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED and his Motion to Compel is DENIED as MOOT.

**I.   Background**

On April 1, 2021, the Court held a combined plea and sentencing hearing. Doc. Nos. 32-37. Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). Prior to the hearing, on September 1, 2020, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 24. The PSR calculated a base

offense level of 20, plus (1) a two-point enhancement because the property of a financial institution was taken, (2) a six-level enhancement because Defendant used a firearm during the robbery, and (3) a two-level enhancement because Defendant used the firearm to physically restrain the bank tellers. *Id.*, ¶¶ 22-25. This resulted in an adjusted offense level of 30. *Id.*, ¶ 29. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 27. *Id.*, ¶ 33.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id.*, ¶¶ 36-37. Combining Defendant's total offense level of 27 and criminal history category of I, the PSR recommended a guideline range of 70 to 87 months' imprisonment. *Id.*, ¶ 82.

The Court adopted the PSR without change and sentenced Defendant to 78 months' imprisonment. Doc. Nos. 37, 38, 39.

On January 2, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

## II.   Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
>  (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>  (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>  (4) the offense did not result in death or serious bodily injury;
>  (5) the instant offense of conviction is not a sex offense;
>  (6) the defendant did not personally cause substantial financial hardship;

### III.  Analysis

Because Defendant has zero criminal history points, he contends he is a zero-point offender entitled to a decrease in two offense levels. But Defendant fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. 4C1.1(a)(3). He used a firearm during the bank robbery while telling the tellers he would shoot them, touching the muzzle of the firearm against a teller's head and body, and grabbing another teller's shirt to pull them and forcibly grabbing the teller's arm several times. PSR, ¶¶ 8-9. Defendant also fails to meet U.S.S.G. § 4C1.1(a)(7). Defendant used a firearm during the bank robbery. *Id*.

In his Reply, Defendant argues that he has been charged with two enhancements for the same offense and this constitutes double counting. But the Court need not address this argument. Regardless, he does not meet all ten eligibility criteria and, therefore, does not qualify as a zero-point offender.

For the reasons set forth, a sentence reduction is not authorized under 18 U.S.C.

---

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

§ 3582(c)(2) and Amendment 821. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Sentence Reduction [Doc. No. 41] is DISMISSED.

IT IS FURTHER ORDERED that Defendant's Motion to Compel Immediate Ruling [Doc. No. 47] is DENIED as MOOT.

IT IS SO ORDERED this 18th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE